IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Ahmad Mohamad Khalil<br>*Plaintiff,*<br><br>vs.<br><br>Eric H. Holder, Jr., Attorney General of the United States; Janet Napolitano, Secretary of the Department of Homeland Security; Alejandro Mayorkas, Director of the United States Citizenship and Immigration Services; Mario R. Ortiz, San Antonio, Texas District Director of the United States Citizenship and Immigration Services; Antonio Lopez, Harlingen, Texas Field Office Director of the United States Citizenship and Immigration Services; and the United States of America,<br>*Defendants.* | § § § § § § § § § § § § § § § § § § § § | Case No. 1:13-MC-486 |

**MEMORANDUM OPINION AND ORDER**

Plaintiff filed this cause of action seeking a review of the decision by the United States Citizenship and Immigration Services to deny his Application for Naturalization. On November 25, 2014, a bench trial was held before the Court. After reviewing the evidence submitted to the Court and presented at trial, the Court **DENIES** Plaintiff's Application for Naturalization.

1

I.  Background

Plaintiff Ahmad Mohamad Khalil seeks a *de novo* review of Form N-400, Application for Naturalization, approval of which permits him to take the oath as a Naturalized Citizen of the United States. Plaintiff alleges that the United States Citizenship and Immigration Services ("USCIS") misapplied the applicable naturalization laws and wrongfully denied his Application for Naturalization. In response, Defendants contend that Plaintiff's application was properly denied since Plaintiff cannot demonstrate the good moral character necessary to naturalize as a United States citizen. Specifically, Defendants allege that Plaintiff gave false testimony during a naturalization interview and again at a pretrial deposition regarding whether he satisfied the necessary requirements to obtain Canadian citizenship.

Plaintiff was born in Syria in 1970 and moved to Canada in May of 1997. In August 1997, Plaintiff entered the United States as a student immigrant attending Campbell University in North Carolina. Plaintiff spent four consecutive semesters at Campbell University as a full-time student, and received the degree of Doctor of Pharmacy in May 1999. Following the completion of his graduate program, Plaintiff began working as an assistant professor at the University of Louisiana Monroe, and remained in that position until January 2003. During this period of time, the University of Louisiana Monroe filed a Form I-140, Immigrant Petition for Alien Worker, on Plaintiff's behalf. The petition was approved in November 2001, and Plaintiff received an immigrant visa.

In July 2000, during his tenure at the University of Louisiana Monroe, Plaintiff filed an Application for Canadian Citizenship.[1] In his application, Plaintiff attested that he met all the

---

[1] During trial, counsel for the Defendants questioned Plaintiff regarding two follow-up letters he had mailed to the Canadian Citizenship and Immigration Services after the submission of his citizenship application. The letters were mailed in July and August of 2001, while Plaintiff was employed full-time at the University of Louisiana Monroe.

prerequisites necessary for Canadian citizenship, including the three-year residency requirement. Specifically, Plaintiff claimed that he had been absent from Canada for only twenty-four days during the four years preceding the filing of his citizenship application. Plaintiff's application for Canadian citizenship was approved in February 2002, and Plaintiff took the oath of Canadian citizenship in March 2002.

Meanwhile, Plaintiff continued to live in the United States and in February 2002 filed a Form I-485, Application to Register Permanent Resident Status. Form I-485 asks applicants to list all of their residences in the five years preceding the filing of their application. In response to this inquiry, Plaintiff listed only residences in the United States and did not include any residences in Canada. In June 2002, Plaintiff's Form I-485 was approved and he became a lawful permanent resident of the United States.

After leaving the University of Louisiana Monroe in June 2003, Plaintiff moved to Texas. In May 2007, he filed a Form N-400, Application for Naturalization, with the USCIS office in Harlingen, Texas. In September 2011, Plaintiff was interviewed by immigration officers in connection with his Application for Naturalization. During the naturalization interview, the examining officers asked Plaintiff several questions regarding his Canadian citizenship application. Specifically, Plaintiff was questioned regarding Canada's residency requirements at the time he filed his citizenship application in 2000 and his failure to report any Canadian residences on his 2002 Application to Register Permanent Resident Status:

Q. How long did you live in Canada before you got your citizenship?

A. Approximately 3.5 years.

---

Although Plaintiff was living in Louisiana at the time he mailed the letters, both letters included Canadian return addresses.

3

> Q. Okay. And you indicated on your [Application to Register Permanent Resident Status] that you claim to reside in the U.S. from '97 until the time you have just -- so you lived --
>
> A. I was a student. I was not a resident in the U.S. in 1997.
>
> Q. So did you have to live in Canada for a certain amount of years before you were able to --
>
> A. Yes, I did, and I lived for about three years there, 2.5 years student time, and I did allow some time, but *I fulfilled the required—the legal requirement*.

[Doc. No. 33 Ex. 9 at 6-7] (emphasis added).

Plaintiff's Application for Naturalization was denied in January of 2012. Plaintiff sought a hearing with the USCIS regarding the denial of his naturalization application. The denial was affirmed.

Plaintiff filed the current complaint pursuant to 8 U.S.C. § 1421(c), which allows a plaintiff to seek a *de novo* review in a United States District Court regarding the denial of a naturalization application. In February 2014, Plaintiff provided sworn testimony at a deposition taken in conjunction with the present action. Plaintiff was again questioned regarding the residency requirements necessary for Canadian citizenship:

> Q. And you stated earlier that it was a requirement that you reside in Canada for three years?
>
> A. That's my memory. I think so.
>
> Q. *And did you in fact reside in Canada for the required three years to become a Canadian citizen*?
>
> A. Yes, sir.

4

[Doc. No. 33 Ex. 14 at 22] (emphasis added). During the deposition, Plaintiff was also asked the reason for the discrepancy between the residence history on his Canadian citizenship application and that reported to the USCIS:

> Q. Now, reviewing the rest of the [Application to Register Permanent Resident Status], the form lists no residence in Canada; isn't that correct?
>
> A. That's true.
>
> Q. Any idea why this form doesn't list an address in Canada even though you just testified you lived there for at least three years?
>
> A. Well, to be honest with you, I -- I was -- I forgot about it probably.
>
> Q. You forgot you lived in Canada for three years?
>
> A. Well, yeah, probably.

[Doc. No. 33 Ex. 14 at 27].

On November 25, 2014, a bench trial was held before the Court and Plaintiff provided sworn testimony. Plaintiff continued to assert that he had satisfied Canada's residency requirements at the time he filed his application for Canadian citizenship. However, when asked if he had spent only twenty-four days outside of Canada prior to filing his citizenship application as he reported, Plaintiff stated that "on face value, this is not accurate." Plaintiff did not provide an explanation for why he claimed to have spent only twenty-four days outside of Canada during the same period that he was enrolled as a full-time student at Campbell University. Specifically, Plaintiff stated "I don't have an explanation for this. And I never thought I did anything wrong when I filled out—when I filled it."

II.     Legal Standards

        A. Judicial Review under 8 U.S.C. § 1421(c)

When an Application for Naturalization is denied, the applicant is entitled to seek judicial review pursuant to 8 U.S.C. § 1421(c). Section 1421(c) states that "[s]uch review shall be de novo, and the court shall make its own findings of fact and conclusions of law, and shall, at the request of the petitioner, conduct a hearing de novo on the application." 8 U.S.C. § 1421(c). The District Court in which review is sought is not bound by the administrative findings and conclusions pertaining to the denied naturalization application. *Chan v. Ganther*, 464 F.3d 289, 291 (2nd Cir. 2006). Rather, the review may be based solely on facts established in and found by the District Court. *Aparicia v. Blakeway*, 302 F.3d 437, 445 (5th Cir. 2002).

        B. Burden of Proof

Chapter 12 of the Immigration and Nationality Act ("INA") provides the requirements that must be satisfied before an individual may naturalize as a United States Citizen. 8 U.S.C. § 1421(d). Particularly, Chapter 12 requires a naturalization applicant to demonstrate that he possesses "good moral character." *See* 8 U.S.C. § 1427(a). Congress and the DHS have identified certain offenses that preclude an applicant from demonstrating the "good moral character" necessary to naturalize as a United States citizen. *See* 8 U.S.C. § 1101; 8 C.F.R. § 316.10. Specifically, a finding of "good moral character" will not be made if the applicant has "given false testimony for the purpose of obtaining any benefits under [Chapter 12 of the INA]." 8 U.S.C. § 1101.

An individual applying for United States citizenship bears the burden to "show his eligibility for citizenship in every respect." *I.N.S. v. Pangilinan*, 486 U.S. 875, 886 (1988)

(quoting *Berenyi v. Dist. Dir., I.N.S.*, 385 U.S. 630, 637 (1967)). Further, "any doubts 'should be resolved in favor of the United States and against the claimant.'" *Berenyi*, 385 U.S. at 637 (quoting *U.S. v. Macintosh*, 283 U.S. 605, 626 (1931)).

III. <u>Analysis</u>

The bench trial presented one main issue for the Court's resolution: Whether Plaintiff gave false testimony regarding his satisfaction of Canada's residency requirements for the purpose of obtaining any benefit under the INA, in violation of 8 U.S.C. § 1101(f)(6). If the Court finds that Plaintiff gave false testimony in violation of 8 U.S.C. § 1101(f)(6), he is statutorily barred from naturalizing as a United States citizen.

A. False Testimony to Obtain Naturalization

An applicant for United States citizenship will not satisfy the "good moral character" requirement if he has "given false testimony for the purpose of obtaining any benefits under [Chapter 12 of the INA]." 8 U.S.C. § 1101(f)(6). The Government contends that Plaintiff lied under oath at both his naturalization interview and at his pretrial deposition when he stated that he satisfied the residency requirements on his application for Canadian citizenship filed in 2000. In order to find that Plaintiff gave false testimony in violation of 8 U.S.C. § 1101(f)(6), the Plaintiff must have: (1) failed to satisfy the residency requirements on his Canadian citizenship application; (2) provided false testimony regarding whether he satisfied these requirements; and (3) done so with the intent to gain an immigration benefit.

7

1. Misrepresentations on Canadian Citizenship Application

To be eligible for Canadian citizenship, an individual must have resided in Canada for at least three years prior to filing a citizenship application. In regards to this requirement, the Canadian citizenship application specifically asks applicants how many days they have spent outside of Canada in the past four years, including days spent in the United States. [Doc. No. 33 Ex. 10]. Plaintiff submitted his application for Canadian citizenship in July 2000, attesting that he met the three-year residency requirement. In his response to the question regarding days spent outside of Canada, Plaintiff stated that he had only spent twenty-four days outside of the country in the four years preceding the date of his citizenship application.

Plaintiff unquestionably misrepresented his residence history on the Canadian citizenship application. Although Plaintiff claimed to have spent only twenty-four days outside of Canada from May 1997 to July 2000, during this period he completed four semesters as a full-time student at Campbell University in North Carolina. Completing four consecutive semesters at a university in the United States would have undoubtedly required Plaintiff to spend more than twenty-four days outside of Canada. Further, Plaintiff did not return to Canada after completing his degree program at Campbell University. Rather, Plaintiff moved to Monroe, Louisiana, and was living there full-time when he applied for Canadian citizenship. Therefore it is clear that Plaintiff made a misrepresentation regarding his residence history on his Canadian citizenship application.

2. False Testimony

Section 1101 states that the provision of "false testimony" precludes a finding of "good moral character" as necessary to naturalize as a United States citizen. 8 U.S.C. § 1101. This

statute does not contain a materiality requirement; rather, "even the most immaterial of lies" may provide a sufficient basis to deny naturalization. *Kungys v. U.S.*, 485 U.S. 759, 779-80 (1988). However, only oral testimony—as opposed to written—is considered for this determination. *See Kariuki v. Tarango*, 709 F.3d 495, 506 (5th Cir. 2013).

Here, Plaintiff testified at both his naturalization interview and at his pretrial deposition that he had satisfied Canada's three-year residency requirement at the time of his citizenship application in 2000. At his naturalization interview, Plaintiff stated that, in regards to Canada's residency requirement, he "fulfilled the required—the legal requirement." [Doc. No. 33. Ex. 9 at 6-7]. Similarly, at his pretrial deposition, Plaintiff responded affirmatively when asked if he satisfied Canada's three-year residency requirement. [Doc. No. 33 Ex. 14 at 22]. However, only one month prior to taking the oath of Canadian citizenship in March 2002, Plaintiff submitted his Application to Register Permanent Resident Status in the United States, which notably omitted mention of any Canadian addresses on Plaintiff's residence history. As the evidence in this case shows, Plaintiff did not satisfy the residency requirements, but rather misrepresented the amount of time he had spent outside of Canada prior to filing his citizenship application. Thus these statements made by Plaintiff at his naturalization interview and at his pretrial deposition constitute "false testimony" in violation of 8 U.S.C. § 1101.

3. Intent to Gain Immigration Benefits

The final issue in this analysis is whether Plaintiff gave false testimony with the intent to obtain immigration benefits, as required by 8 U.S.C. § 1101. As stated by the Supreme Court, not all misrepresentations will prevent a finding of good moral character. *Kungys*, 485 U.S. at 780. Rather, only those "made with the subjective intent of obtaining immigration benefits" warrant a

denial of naturalization. *Id*. An applicant who provides false testimony for reasons other than to obtain immigration benefits—such as fear, embarrassment, or invasion of privacy—does not lie with the subjective intent to receive immigration benefits. *Id.*

Although Plaintiff asserted that he had satisfied the requirements necessary to obtain Canadian citizenship, there were significant discrepancies between Plaintiff's residence history on his Canadian citizenship application and the residence history he reported on his 2002 Application to Register Permanent Resident Status. At his naturalization interview, Plaintiff was questioned about these discrepancies. Specifically, the examining immigration officer asked Plaintiff why he had not reported any Canadian addresses on his five-year residence history required by the USCIS, but had nonetheless satisfied Canada's three-year residency requirement just two years earlier. Plaintiff did not provide a reason for this omission, but merely said that he "forgot" that he had lived in Canada for the three years required to be eligible for Canadian citizenship. [Doc. No. 33 Ex. 14 at 27].

Similarly, at the bench trial held before the Court, Plaintiff was again questioned regarding his responses to the residency inquiries on the Canadian citizenship application. Plaintiff agreed that his statement that he had spent only twenty-four days outside of Canada prior to filing his application "on face value, [was] not accurate." Plaintiff did not offer an explanation for this false statement, and could not provide any reason for omitting the days he spent at Campbell University. Plaintiff stated that at the time he filled out the form, he believed his response was accurate.

In sum, Plaintiff did not offer any explanation for why he claimed to have satisfied Canada's residency requirements, but had misrepresented the time he had spent outside of Canada on his citizenship application. Similarly, Plaintiff could not provide an explanation for

his failure to report any Canadian residences to the USCIS on his 2002 Application to Register Permanent Resident Status—Plaintiff simply said that he forgot that he had lived in Canada for three years. This is not credible testimony. Further, Plaintiff's assertions that he had believed his responses were accurate at the time he completed the Canadian citizenship application are not plausible. The application unambiguously asks applicants how many days they have spent outside of Canada, including days spent in the United States. Plaintiff replied that he had spent only twenty-four days outside of Canada, and omitted any mention of the four semesters he spent at Campbell University. Moreover, at the time Plaintiff made these misrepresentations on his Canadian citizenship application, he was living in Louisiana. By all accounts, Plaintiff is a well-educated and conscientious man. That said, the Court finds it impossible to believe that someone like the Plaintiff would merely forget that he had resided in a country for three years, or misunderstand a question clearly asking for the number of days that had been spent outside of a country.

Plaintiff bears the burden to "show his eligibility for citizenship in every respect." *Pangilinan*, 486 U.S. at 886 (quoting *Berenyi*, 385 U.S. at 637). Thus it is necessary for Plaintiff to affirmatively demonstrate why he satisfies the requirements necessary for United States citizenship. Plaintiff did not provide any satisfactory explanation for the discrepancies between the residence history he reported to Canada and that reported to the USCIS, but merely said that he forgot that he had resided in Canada for three years. When reviewing the denial of a naturalization application, the Court is instructed to resolve all doubts in favor of the United States and against the claimant. *See Berenyi*, 385 U.S. at 637. Since Plaintiff has not and, perhaps, could not provide a satisfactory explanation for the false statements he made in connection with the naturalization proceedings regarding his residence history on the Canadian

citizenship application, and because these falsehoods were repeated in connection with attempts to obtain legal status in the United States, the Court finds that Plaintiff's false testimony was made with the subjective intent of receiving immigration benefits.

IV.     Conclusion

Because the Court finds that Plaintiff provided false testimony with the intent of obtaining immigration benefits in violation of 8 U.S.C. § 1101, he is statutorily precluded from satisfying the "good moral character" requirement necessary to obtain United States citizenship. The Court therefore **DENIES** Plaintiff's Application for Naturalization.

SIGNED this 10th day of June, 2015.

                                                                                    _____
                                                                                    Andrew S. Hanen
                                                                                    United States District Judge